WM. B. STEWART, use, etc. v. VIRGIL HOLLINS et al.

1. AGRICULTURAL LIEN LAW.—The agricultural lien law of 1867 does not in its terms or intendment, include, and cannot, by contract, be made to include rent for lands; but was intended to secure, by a prior lien on the crops, animals and implements, payment of all debts for advances of money for stock, implements or stock used in the cultivation of the crops.

2. SUPREME COURT—GENERAL PRINCIPLE.—The supreme court is uniformly inclined, so far as practicable consistent with established rules of practice, to so frame its judgments as ultimately to do justice according to right and merits.

3. CASE AT BAR.—Contracts including lien for supplies and rent held good under agricultural lien act, to the extent only of the supplies, and as an ordinary mortgage for the rent, the mortgage, however, to be subject to priorities.

APPEAL from the chancery court of Hinds county, 2d district. CABANISS, Chancellor.

*John Shelton,* for appellant,

Contended, that, although a defendant in chancery may demur to certain portions of a bill of complaint, and answer the remainder, if the same parts are both demurred to answered, the answer *ipso facto* waives or overrules the demurrer. That part of the bill which sought the recovery of rent was fully and particularly answered, and also included in the demurrer, and the decree of the court to that extent is erroneous. Citing Story Eq. Pl. 442; Robinson Francis, 7 How. (Miss.) 448; Baines v. McGee, 1 S. & M. 208; Falls v. Hafter, 40 Miss. 606; Pieri v. Shieldsborough, 42 ib. 493.

*Dabney & Dabney,* for appellees,

Insisted that the bill shows no ground for relief. The chancery court has no jurisdiction over matters of rent; and no matter whether the pleadings are in all respects conformable to the technical rules of law or not, the court could not grant the relief prayed for, even if no plea, answer or demurrer had been filed; because a court of equity cannot make a decree where it has no jurisdiction. The principle is well settled,

that if a court has not jurisdiction it cannot be acquired, even by consent of the parties. Lester v. Harris, 41 Miss. 668; Bell v. Tombigbee R. R. Co., 4 S. & M. 549; Green v. Creighton, 10 ib. 159; Roane v. Poindexter, 12 ib. 640.

Though the contract sued on might have been proceeded on, as a mortgage, complainant would have had no right to a writ of sequestration, but would have been confined to their relief at common law. Rev. Code of 1857, art. 33, p. 545.

Simrall, J.:

This suit was brought to enforce an agricultural lien, created under the act of 18th February, 1867, "for the encouragement of agriculture." That specific statutory lien, with the remedies incident to it, arises upon a written contract, "from the time of its enrollment," for "all debts contracted for the advance of money, purchase of supplies, farming stock, and other things necessary for the cultivation of the farm." It takes effect upon the "crop of cotton, corn or other produce," and also upon the animals and implements which have been purchased with money advanced. Pamphlet Acts, 369, § 1.

The statute having introduced a new remedy, unknown to the common law, the creditor who claims the security and the remedy must bring his claim within its meaning and intendment. This peculiar lien, and the procedure for its enforcement, applies exclusively to a particular class of debts. The creditor must have contributed to the crops of his money, or his property, such things as are necessary to its production. Creditors upon any other consideration are not embraced in the act.

The landlord, who supplies to the tenant the fields upon which the crops are grown, does not, by filing and enrolling his lease, acquire this special lien. The crops

may be pledged by way of security for the rent, as by mortgage or other instrument fit and competent to create a security on such property. Two modes by which this may be done, are specified in the 7th section—a mortgage and deed of trust. This may be done for any debt or duty entirely disconnected from agriculture.

If the lessee makes a contract, pledging the crops for the rent, and this contract is filed for enrollment with the clerk of the circuit court, under the 3d section, the landlord does not thereby secure to himself a lien on the crops, or implements, or animals, with a right to the peremptory statutory remedy. Such a debt is not adequate consideration. The statute implies that the debtor already has the land ready to be cultivated, and offers this lien " prior " over all others, to him who will supply to the argriculturist the means wherewith to make the crops. This is the " encouragement of agriculture," promised in the title, which, in this instance, truly forshadows the provisions of the law.

This contract provides for a lien on the crops, for the rent, etc., as well as for the $200, the value of the supplies already furnished, and the $100 thereafter to be furnished. It presents the case of a consideration, capable of severance, part of which $400, the rent, cannot be included in this statutory lien, and part, is good within the terms of the law.

The defendants demurred to so much of the bill as sought relief for the rent, and answered as to the residue.

The demurrer was heard at the same time the other branch of the case was submitted for final disposition on the pleadings and evidence. We think there was no error in dismissing the bill as to the claim for rent. The contract is sufficient to raise the lien for the supplies. If more is attempted to be; and actually is,

included, that does not vitiate; but the creditor may have his redress for the valid portion of his security.

But although the security is unavailable under the statute for the rent, it is unquestionably a good ordinary mortgage, and capable of being enforced as such. It might be postponed as to *bona fide* creditors and purchasers without notice from the mortgagor; yet, as between the immediate parties, it is good.

If a creditor adopt the specific remedy given by the statute, the debtor may question his right to it by demurrer. If the court should be of opinion that there is no " agricultural lien," it would be under the necessity of sustaining the demurrer or of declining to administer that form of remedy.

We have uniformly been inclined, as far as practicable and consistent with the established rules of practice, to so frame our judgments as ultimately to administer justice according to substantial right and merits, if we were satisfied that the litigant would state a good case. Although we may affirm the judgment below on the pleadings, we have retained the case so as that amendments may be made to bring out the merits and insure intimate decision according to right. Such we have thought was the lesson inculcated by the statutes of jeofails and amendments. These allow much, almost anything, that the controversy may be brought to trial on its intrinsic merits.

In this case the contract operates as a mortgage for the rent and an agricultural lien for the supplies. Only so much of the decree as denies the remedy of the statute for rent is appealed from or complained of in this court. If we were to remand the cause for such proceedings as might be proper to enforce the lien for rent, we would split the suit in twain.

If the appellees were the plaintiffs here, serious doubts might be started, whether the decree should stand against them. They, however, acquiesce in it. One

stipulation in the agreement is, that the debt for rent and supplies shall be due the 1st of October, 1870. Another is, that all the cotton shall be ginned on the plantation, and " that Stewart is to be paid all the sums then due at said gin," before the cotton is removed and sold, "unless with his consent." The entire scope of the contract seems to indicate that the cotton shall pay the debt at the gin house. Though not so recited, it is indicated that the appellees were without means or general credit, and that these debts were created on the faith and pledge of their labors, which was the source of payment. It is in evidence that the gin house on the premises was not completed and in condition for use until February afterwards. This suit was brought in November, 1870, two or three months before it was practicable, under the contract, to gin the cotton. It admits of doubt whether the suit was not prematurely brought.

But, besides this, there is still another anomaly. The suit was brought by Stewart for the use of Chaffe & Brother, as averred; the contract, which is its foundation, had been assigned in writing for value by Stewart to Chaffe & Brother. The effect under the statute, Code of 1857, art. 42, p. 485, was to transfer the entire interest, legal and equitable, to the assignees. Stewart is an unnecessary party. Objection, however, was not made, either by special demurrer or at the hearing.

These matters are referred to only for the purpose of showing that this is not a proper case to be be remanded in order that the pleadings may be reformed.

*The decree is affirmed.*