## ALONZO B. SEE *vs.* CHARLES KOLODNY & others.
## SÀME *vs.* SAME.

Suffolk.    March 30, 1917. — June 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mechanic's Lien.    Statute.    Payment.    Bills and Notes.*

The provisions of St. 1915, c. 292, which was enacted on May 28, 1915, and went into effect on January 1, 1916, repealing the mechanic's lien law in R. L. c. 197 and substituting a new law different in substance and procedure, do not affect a lien acquired under the former law nor proceedings begun in March, 1915, to enforce such a lien.

Where, upon a petition for the establishment of a mechanic's lien, it appears that the respondent delivered to the petitioner a promissory note for the amount of the debt, it cannot be ruled as a matter of law that such note was taken by the petitioner as payment nor that it was his intention thereby to waive and surrender the security of the lien.

At the trial, upon a petition for the enforcement of a mechanic's lien under R. L. c. 197 under a contract for the installation of an elevator in a building of the defendant, of an issue, whether the petitioner filed his claim within thirty days after he ceased to perform and furnish labor under the contract, it appeared that the contract price was $2,400 and there was evidence warranting a finding that, sixteen months after the elevator had been turned over to the respondent for operation and had been approved by the municipal building inspector, the petitioner in good faith sent workmen who performed work amounting to $4.90 in completion of the contract and that within thirty days thereafter the claim was filed. The jury answered the issue in the affirmative. *Held,* that under the circumstances neither the delay in completing the contract nor the trifling character of the work done therefor was fatal to the maintenance of the lien.

TWO PETITIONS to establish mechanics' liens on certain property on Huntington Avenue and on Hemenway Street in Boston under the provisions of R. L. c. 197, described in the opinion, filed in the Superior Court on March 25, 1915.

In the Superior Court the following issues were framed in each case:

"1. What is the amount due the plaintiff?

"2. Did the petitioner within thirty days of ceasing to perform and furnish labor and furnish materials under the contract file a claim of lien in the Registry of Deeds, as required by law?

"3. Did the petitioner within ninety days of ceasing to perform and furnish labor and furnish material under the contract file a petition to enforce his lien, as required by law?"

It was agreed that the answer to the third issue in each case should be the same as the answer to the second issue. The issues were tried before *Fox,* J., on December 7, 8 and 9, 1915. The material evidence is described in the opinion. In each case the jury answered the second issue in the affirmative. The defendants seasonably requested the presiding judge to direct the jury to answer the second issue in each case in the negative.

On February 18, 1916, the respondents in both actions moved that the proceedings be dismissed. The motions were heard by *Fox,* J., and were denied.

On March 5, 1917, *Fox,* J., ordered the establishment of the lien on the Huntington Avenue property in the sum of $469.53, and the establishment of the lien on the Hemenway Street property in the sum of $2,766.52, and reported the cases to this court with a stipulation by the parties that if the respondents' motions to dismiss should have been allowed, or the order establishing the liens should not have been made, or the two second issues should not have been submitted to the jury, or the jury should have been ordered to answer the two second issues submitted to them in the negative, then judgment should be issued for the respondents with costs in each case; otherwise that the order establishing the liens should stand, or such other order should be made as justice and equity should require.

St. 1915, c. 292, which took effect on January 1, 1916, repealed the material sections of R. L. c. 197, and enacted a new mechanic's lien law different in substance and procedure.

*P. Rubenstein,* for the respondents.

*F. P. Garland,* for the plaintiff.

PIERCE, J. These are two petitions to establish mechanics' liens for labor and material furnished under written contracts with the defendant, Charles Kolodny, in installing two electric elevators, one in a building on Huntington Avenue, Boston, the other in an adjoining building on Hemenway Street, Boston. At the trial it was agreed that there was owing the petitioner the sum of $400 on the Huntington Avenue contract and the sum of $2,400 on the Hemenway Street contract.

The Huntington Avenue contract was dated May 15, 1913. The price fixed was $2,400.

On October 30, 1913, $2,000 of this amount was paid by the defendant in cash and running notes which were afterwards paid. The balance, $400 of a $500 note, was ultimately represented by a renewal note dated February 16, 1914, payable on April 17, 1914. This last note is now unpaid and at the trial was tendered by the petitioner to the defendant. The elevator in the building was turned over for operation to the defendant on November 18, 1913, and on that date was approved by the building inspector. Although the petitioner performed or furnished the labor for adjusting, repairing and testing work on this elevator and charged the defendant for it on six occasions between December 16, 1913, and September 10, 1914, there is no evidence that any work under the contract was done between November 18, 1913, and January 26, 1915. On the last named day two men under the direction of the petitioner did work to the value of $4.90, which work is asserted to have been uncompleted work under the terms of the contract.

The contract relating to the elevator to be installed in the building on Hemenway Street was dated November 7, 1913. The price was $2,400 and no part has been paid. This elevator was turned over for operation to the defendant in June 1914. On January 26, 1915, the petitioner in alleged performance of the terms of the contract caused work to be done upon this elevator to the value of $6.80. No other work had been done under the contract between June, 1914, and January 26, 1915, except on July 15, 1914, and on September 30, 1914.

Within thirty days after January 26, 1915, certificates claiming liens were filed in the registry of deeds in Suffolk County and thereafter within ninety days, on March 25, 1915, petitions to enforce the liens were duly filed.

On February 18, 1916, in the Superior Court, the respondents in both petitions moved to dismiss the proceedings "for want of jurisdiction in this court to proceed further therewith owing to St. 1915, c. 292," which statute was approved May 28, 1915, and took effect January 1, 1916. The motion was denied rightly. In this Commonwealth a mechanic's lien is not created upon the filing of a certificate and a petition but is created as soon as labor or

material, or both, is performed or furnished on real estate. The lien is an interest in the property, stands as security for the payment of the debt, is a vested right and is not an additional and extraordinary remedy which the Legislature may discontinue at pleasure. *Clifton* v. *Foster*, 103 Mass. 233. *Wiley* v. *Connelly*, 179 Mass. 360. *Warren* v. *Woodard*, 70 N. C. 382. *Craig* v. *Herzman*, 9 No. Dak. 140. *Weaver* v. *Sells*, 10 Kans. 609. *Sabin* v. *Connor*, 21 Fed. Cas. No. 12,197. In accordance with the general rule the statute must be construed as intended to have a prospective and not a retroactive effect where, as in the case at bar, a retrospective construction will interfere with a vested right. *Wright* v. *Oakley*, 5 Met. 400, 407. *Springfield* v. *County Commissioners*, 6 Pick. 501, 508. *Hellen* v. *Medford*, 188 Mass. 42, 46. *Bronson* v. *Kinzie*, 1 How. 311. *Steamship Co.* v. *Joliffe*, 2 Wall. 450. *Edwards* v. *Kearzey*, 96 U. S. 595, 600. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 4, and cases collected. That such was the intention of the Legislature see St. 1916, c. 163, St. 1917, c. 213.

On the evidence it is the contention of the respondents that the acceptance of the money and notes on October 30, 1913, in connection with the receipt of the petitioner which reads in part "same to be final payment on contract . . .," is conclusive proof that the plaintiff received the notes as payment and thereby waived any claim of lien under the contract. It is plain that it could not be ruled as a matter of law that the notes were taken as a payment or that it was the intent of the plaintiff to waive and surrender the security of the lien. *McLean* v. *Wiley*, 176 Mass. 233, 235. *Cary Brick Co.* v. *Wheeler*, 210 Mass. 338. *Baldwin* v. *Porter*, 217 Mass. 15, 17. *McKinley* v. *Warren*, 218 Mass. 310, 313.

It is the final contention of the respondents that the labor and materials furnished on January 26, 1915, were not furnished in fulfilment of the contracts or in good faith. The evidence discloses that no work under the contract was done on the Huntington Avenue building for nearly sixteen months and none under the contract on the Hemenway Street building for nearly nine months after the elevators were turned over for operation to the respondents. It also appears that the work actually done on these elevators on January 26, 1915, was of comparatively slight money

value. But mere delay in completing the contract and performance of trifling items of work have never been held under our statute fatal to a maintenance of a lien, if the work was done in good faith, and was necessary to a complete performance of the contract. *McLean* v. *Wiley, ubi supra. Shaughnessy* v. *Isenberg,* 213 Mass. 159.

It is impossible to say as matter of law that there was no evidence to support the contention of the petitioner that he acted in good faith in sending the men to examine the elevators, to supply any deficiencies and to remedy any defaults, the absence or condition of which prevented the full completion of his contract to furnish and erect the elevators in a substantial and workmanlike manner.

It follows that the judge rightly denied the respondents' motion to dismiss, and properly submitted the issue "Did the petitioner within thirty days of ceasing to perform and furnish labor and furnish materials under the contract file a claim of lien in the Registry of Deeds, as required by law?"

It results in accordance with the terms of the report that "the order of the court establishing the liens shall stand."

*So ordered.*