JAMES W. AINSLEE *vs.* MARY A. BOSCKETTI.

Essex.   May 20, 1918. — June 25, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Mechanic's Lien.   Statute,* Repeal.

For the purpose of enforcing a mechanic's lien which came into existence before January 1, 1916, R. L. c. 197, § 10, was not repealed by St. 1915, c. 292, § 13. Following *See* v. *Kolodny,* 227 Mass. 446.

PETITION, filed in the District Court of Lawrence on January 25, 1916, under R. L. c. 197, § 10, to enforce a mechanic's lien on a building and the land upon which it was situated owned by the respondent on Broadway and Holly Street in Lawrence.

A certificate of the lien sought to be enforced was filed by the petitioner in accordance with the provisions of R. L. c. 197, § 6, in the registry of deeds for the Northern District of Essex on November 24, 1915.

On February 16, 1916, the respondent filed in the District Court a motion that the petition be dismissed for want of jurisdiction. On February 23, 1917, judgment was entered in the District Court establishing the lien in the sum of $23.76 with $15.04 costs. The respondent appealed to the Superior Court.

The case was heard on appeal by *Dubuque,* J., the facts being admitted as they appeared in the records and pleadings. No question was raised as to the sufficiency of the statement filed in the registry of deeds. The respondent filed a motion to dismiss the petition for want of jurisdiction. The judge denied the motion and made the following rulings:

"1. That the District Court of Lawrence, and the Superior Court on appeal, had jurisdiction under the provisions of R. L. c. 197 to entertain said petition for enforcement of liens;

"2. That St. 1915, c. 292, did not abrogate the provisions of R. L. c. 197 as to lien proceedings begun subsequently to the passage of said act but prior to its taking effect;

"3. That the provisions of St. 1915, c. 292, in repealing the pro-

visions of R. L. c. 197 did not oust the court of its jurisdiction to entertain the petition for the enforcement of the lien;

"4. That, even if such procedure were invalid, it was cured by the enactment of St. 1916, c. 163, and St. 1917, c. 213;

"5. That the provisions of St. 1916, c. 163 of St. 1917, c. 213, were merely procedural, therefore not unconstitutional as having retroactive effects on substantive rights."

The judge ordered that a decree be entered for the petitioner establishing the lien; and the respondent alleged exceptions to the rulings of the judge and the order for the decree.

The case was submitted on briefs.

*J. A. O'Mahoney,* for the respondent.

*W. T. Rochefort,* for the petitioner.

LORING, J. On October 30, 1915, the petitioner "completed his labor" under a contract for the alteration of a building situate within the jurisdiction of the District Court of Lawrence. On November 24, 1915, he filed in the registry of deeds the certificate called for by R. L. c. 197, § 6, and on January 25, 1916, he brought a petition in the District Court of Lawrence to enforce the lien to which he had thus become entitled. Judgment in his favor was rendered by the District Court and by the Superior Court on appeal. The case is here on exceptions which raise the question of the jurisdiction of the District Court and of the Superior Court on appeal to entertain the petition and render the judgments which they rendered.

The contention of the respondent is that the jurisdiction of the court had come to an end on January 1, 1916, because of the repeal of R. L. c. 197, § 10 (on which its jurisdiction rested) by St. 1915, c. 292, § 13, which (by force of § 14 of that act) took effect on January 1, 1916.

The contention is disposed of by the decision of this court in *See* v. *Kolodny,* 227 Mass. 446.

In that case two petitions to enforce mechanics' liens were brought before January 1, 1916, but they were not disposed of until after that day. The contention in that case was that the jurisdiction of the Superior Court over these petitions came to an end on January 1, 1916, by force of St. 1915, c. 292, §§ 13, 14. It was decided that it did not. That conclusion was not reached on the ground that by a general statutory provision there is a saving

clause in case of the repeal of a statute as far as pending causes are concerned. There is no such statute in civil cases. Nor was the decision in *See* v. *Kolodny* put upon the ground that since the Superior Court had jurisdiction under the new act (St. 1915, c. 292, § 4) it was not of consequence that its jurisdiction under R. L. c. 197, § 10, had come to an end. It was decided in *See* v. *Kolodny* that the Superior Court had jurisdiction because: "In this Commonwealth a mechanic's lien is not created upon the filing of a certificate and a petition but is created as soon as labor or material, or both, is performed or furnished on real estate. The lien is an interest in the property, stands as security for the payment of the debt, is a vested right and is not an additional and extraordinary remedy which the Legislature may discontinue at pleasure. . . . In accordance with the general rule the statute must be construed as intended to have a prospective and not a retroactive effect where, as in the case at bar, retrospective construction will interfere with a vested right. . . . That such was the intention of the Legislature see St. 1916, c. 163, St. 1917, c. 213."

By enacting St. 1915, c. 292, the Legislature adopted a new mechanic's lien law. The mechanic's lien law described in St. 1915, c. 292, differed essentially from that theretofore in effect and was in no sense an amendment of the mechanic's lien law theretofore existing. For example the lien for labor performed in the absence of a notice was different from that under the old law (compare St. 1915, c. 292, § 1, with R. L. c. 197, § 2) and the new act contained the novel provision that if a written notice there specified was given by the contractor and recorded in the registry of deeds, all persons furnishing labor and materials under it or under any subcontract pursuant to it should have a lien to be enforced by a bill in equity to be brought in the Superior Court in behalf of all persons interested. See St. 1915, c. 292, §§ 2–4. The new act (St. 1915, c. 292, § 13), in terms repealed those sections of R. L. c. 197, which dealt with the creation of a mechanic's lien under the former law (namely §§ 1, 2, 3, 4, 5, 6, and 7 of R. L. c. 197) and it also repealed § 10 of R. L. c. 197 which gave to the Superior Court and to the inferior courts there specified concurrent jurisdiction to enforce the lien provided for in these earlier sections of R. L. c. 197. It was provided by § 14 of St. 1915, c. 292, that the new act should go into effect on January 1, 1916. But nowhere in the new act

was a provision inserted dealing with cases where (by reason of work done or materials furnished under R. L. c. 197) a vested right to a lien had come into existence before January 1, 1916. Under these circumstances it was decided in *See* v. *Kolodny* that the repeal of those sections of R. L. c. 197 which are repealed by St. 1915, c. 292, § 13 (including § 10 which gave jurisdiction to the Superior Court and to the inferior courts there specified) applied to future liens which should come into existence under the new act and did not (as matter of construction of § 13 of St. 1915, c. 292) apply to cases where by force of R. L. c. 197, mechanics had acquired a vested right to a lien before January 1, 1916. That is to say for the purpose of enforcing a lien which came into existence before January 1, 1916 (when the new act went into effect) R. L. c. 197, § 10, was not repealed by St. 1915, c. 292, § 13. ·

*Exceptions overruled.*