SAVOIE QUARRY AND CONSTRUCTION COMPANY *vs.* LOUIS D. ZIMAN & others.

Bristol.    October 26, 1919. — November 28, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Mechanic's Lien. Statute.*

St. 1915, c. 292, relating to mechanics' liens, is not retroactive, and since it did not take effect until January 1, 1916, any right which a subcontractor, who before that date furnished labor for the construction of a building, has to enforce a mechanic's lien must be under the provisions of R. L. c. 197.

No mechanic's lien can be enforced under St. 1915, c. 292, § 3, by a subcontractor for labor not furnished by him personally in the construction of a building unless there was a contract in writing between the owner of the premises and the principal contractor and the notice of that contract required by § 2 of the statute was filed in the registry of deeds before the furnishing of the labor.

The provisions of St. 1915, c. 292, § 1, giving a right to enforce a mechanic's lien to one to whom "a debt is due for personal labor performed in the erection, alteration, repair or removal of a building," is not applicable to a debt owed to an employer for labor performed by his employees and not by him personally.

A mechanic's lien can be enforced only by a strict compliance with the statutory provisions relating thereto.

Where it appears that a bill in equity to enforce a mechanic's lien under St. 1915, c. 292, cannot be maintained because the claim is for labor furnished previous to January 1, 1916, and that no statement of the claim was filed in the registry of deeds as required by R. L. c. 197, § 6, within thirty days after the plaintiff ceased work, and that no petition to enforce the lien was brought within ninety days thereafter as required by § 9 of that statute, the plaintiff must not be permitted to amend his bill in equity into a petition under R. L. c. 197.

BILL IN EQUITY, filed in the Superior Court on April 21, 1916, under St. 1915, c. 292, to enforce a mechanic's lien.

In the Superior Court the suit was referred to a master. Material facts found by him are stated in the opinion. The suit later was heard upon the master's report by *White*, J. The plaintiff asked for the following rulings:

"8. The plaintiff has a lien for the labor furnished prior to January 1, 1916.

"9. The plaintiff has a lien for the labor furnished prior and subsequent to January 1, 1916.

"10. This procedure by bill in equity under St. 1915, c. 292, is applicable to the enforcement of a lien for labor furnished prior to January 1, 1916.

"11. This procedure by bill in equity under St. 1915, c. 292, is applicable to the enforcement of a lien for labor furnished under one contract, furnished both prior and subsequent to January 1, 1916.

"12. On all the facts of this case, the plaintiff is entitled to maintain this bill, both as to items of labor furnished prior and subsequent to January 1, 1916.

"13. On all the facts of this case, the plaintiff is entitled to maintain this bill as to the items of labor furnished prior to January 1, 1916.

"14. The plaintiff is entitled for the relief prayed for in the second prayer of the bill."

The rulings were refused and a decree was ordered confirming the master's report and dismissing the bill. The plaintiff alleged exceptions.

St. 1915, c. 292, §§ 1, 3, are as follows:

"Section 1. A person to whom a debt is due for personal labor performed in the erection, alteration, repair or removal of a building or structure upon land, by virtue of an agreement with, or by consent of, the owner of such building or structure, or of a person having authority from or rightfully acting for such owner in procuring or furnishing such labor, shall, subject to the provisions of this act, other than in section three, have a lien upon such building or structure and upon the interest of the owner thereof in the lot of land upon which it is situated, for not more than eighteen days' work actually performed during the forty days next prior to his filing a statement as provided in section seven."

"Section 3.  If the notice aforesaid shall have been filed or recorded in the registry of deeds, as hereinbefore provided, any person who shall, subsequent to the date of filing or recording notice of said contract, furnish labor or material, or perform labor, under a contract with a contractor or with any sub-contractor of said contractor shall be entitled to enforce a lien on the premises therein described for any labor performed, or labor or material furnished, subsequent to the filing or recording of said notice and prior to the date of the termination of said contract as stated in said notice or notices.  The rights of any person who shall perform or furnish labor, or furnish material subsequent to the filing or recording of notice of said contract shall not be affected by the fact that the notice was not filed or recorded prior to the beginning of the work."

The case was submitted on briefs.

*A. J. Jennings & I. Brayton,* for the plaintiff.

*C. P. Ryan, F. A. Pease & J. H. Kenyon, Jr.,* for the defendants.

CARROLL, J.  This is a bill in equity to enforce a mechanic's lien for labor furnished under a written proposal made to the defendant Popkin to provide all the material and labor necessary to complete the mason work on three buildings to be erected on the land of the defendant Ziman.  This proposal was made on June 15, 1915, and orally accepted by Popkin.  The contract between Ziman and Popkin was not in evidence and no notice of it or of the written proposal from the plaintiff to Popkin was recorded in the registry of deeds.  Labor of the value of $2,688.41 was furnished by the plaintiff between June 23 and December 20, 1915.  Later, on February 2, 1916, two days' labor of the value of $11.was supplied.  On February 26, 1916, Popkin made an assignment for the benefit of creditors, and on March 29 of that year an involuntary petition in bankruptcy against him was filed; on February 21, 1916, the plaintiff filed in the registry of deeds a statement of the amount due him and on April 12, 1916, Ziman conveyed the premises in question to the defendant Kauffman.  On April 21, 1916, the plaintiff brought this bill in equity praying that a subpoena issue under St. 1915, c. 292, that the premises be sold and the proceeds of the sale applied to its demand and the costs of enforcing the lien.  In the Superior Court an order for a decree dismissing the bill was entered.

The plaintiff cannot recover under St. 1915, c. 292. That statute took effect on January 1, 1916, and was intended to have a prospective and not a retroactive effect. See *See* v. *Kolodny*, 227 Mass. 446; *Ainslee* v. *Boscketti*, 230 Mass. 577. The plaintiff's remedy for the work done under the proposal of June 15, 1915, so far at least as that performed in the year 1915 was concerned, was under the mechanic's lien law then in force. R. L. c. 197. It contends, however, that by virtue of the St. of 1915, c. 292, it is given an additional remedy to that provided in R. L. c. 197. Without intimating that there is force in this contention, the plaintiff cannot recover under St. 1915, c. 292, because that statute gives a lien to a subcontractor for labor performed or furnished or for materials furnished only when there is a written contract between the owner of the premises and the contractor, and notice of the contract is filed in the registry of deeds. *Varnum* v. *Kogios*, 233 Mass. 264. *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell*, 233 Mass. 314. There was no evidence that Ziman and Popkin entered into a written contract and no record was made of such a contract in the registry of deeds, as required by the statute. For these reasons the plaintiff cannot obtain relief under this statute, even if the work done in February, 1916, after St. 1915, c. 292, took effect, was done in good faith and in fulfilment of the original contract.

The plaintiff further contends that it is entitled to maintain a lien under St. 1915 for the labor performed in February, 1916. That statute, St. 1915, c. 292, § 1, gives a remedy to one to whom a debt is due for personal labor performed, but not for more than eighteen days' labor actually performed during the forty days next prior to filing the statement of the lien. Assuming that under this section a workman can establish a lien for labor when the owner did not enter into a written contract for furnishing labor or materials, the section is applicable only when labor is personally performed by a workman, not where labor is furnished by an employer. The language of the statute, "personal labor performed," clearly indicates this. The remedy given the employer of labor is under § 3 of the statute and is conditioned on the filing of the notice of the contract between the owner and the contractor in the registry of deeds. The plaintiff performed no labor. As it has been found that the labor for which the lien is sought was furnished by it as an employer, no relief can be given the plaintiff under St. 1915, c. 292.

The plaintiff argues in its brief, in substance, that it may have an opportunity in the Superior Court to change its bill in equity into a petition on the common law side of the court, so that the remedy under R. L. c. 197, may be pursued. If the plaintiff ceased to labor on December 20, 1915, there can be no relief under R. L. c. 197, as the statement of the amount due was not filed in the registry of deeds within thirty days after this time.

It is established by R. L. c. 197, § 9, that the lien shall be dissolved unless a petition to enforce it is filed within ninety days after the labor is performed or furnished. This provision was not complied with. A mechanic's lien can be enforced only by a strict compliance with the statute, no equities are to be enforced in aid of it. As the petition was not filed within the time required, the plaintiff cannot recover under R. L. c. 197. *General Fire Extinguisher Co.* v. *Chaplin,* 183 Mass. 375. *Street Lumber Co.* v. *Sullivan,* 201 Mass. 484.

A decree should be entered overruling the plaintiff's exceptions and dismissing the bill without costs.

*So ordered.*