GEORGE R. MANCHESTER *vs.* ISRAEL POPKIN.

Bristol. November 22, 1920. — February 28, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Mechanic's Lien. Statute,* Construction, Repeal. *Constitutional Law.*

One who, under an oral contract with the owner of certain land made in April, 1915, furnished labor and materials in the construction and repair of houses on the land from April 29, 1915, to January 31, 1916, and filed his statement of lien in the registry of deeds on February 24, 1916, was entitled to maintain a petition under R. L. c. 197, for the enforcement of the lien.

Section 13 of St. 1915, c. 292, repealing certain sections of R. L. c. 197, must be construed as leaving that statute in effect as relating to a mechanic's lien which arose by reason of an oral contract made in April, 1915, for the furnishing of labor and material in the construction and repair of certain houses, where the labor and materials were furnished, partly before and partly after January 1, 1916, when St. 1915, c. 292, went into effect.

A statute which would be unconstitutional as applied to a certain class of cases and is constitutional as applied to another class, may be held to have been intended to apply only to the class as to which it is constitutional, if that seems in harmony with the general purpose of the Legislature.

PETITION under R. L. c. 197, for enforcement of a mechanic's lien.

The action was begun by a bill in equity filed on March 20, 1916. A demurrer to the bill was sustained on February 14, 1919, and a decree was ordered that the |bill be dismissed unless the plaintiff within ten days moved "to amend his bill in equity into a petition on the law side of the court to enforce said lien." The motion to amend was filed and allowed on February 23, 1919.

In the Superior Court, the petition was referred to an auditor and, upon the filing of his report, was heard by *Cox*, J., without a jury. Material facts are described in the opinion. The judge found for the respondent, but, being in doubt as to whether the petitioner had any rights under St. 1917, c. 213, he reported the case to this court for determination, judgment to be entered for the respondents with costs if his ruling was right; otherwise, the petitioner's lien to be established for the sum of $1,365.87 and a sale to be ordered of the premises described in the petition to enforce the lien.

St. 1917, c. 213, approved on May 2, 1917, reads as follows:

"Section 1. Any person who has performed labor in, or has furnished labor or materials actually used in the erection, alteration, repair or removal of a building or structure upon land, by virtue of an agreement made prior to January first, nineteen hundred and sixteen, may, subject to the intervening rights of third parties, enforce a mechanic's lien therefor in accordance with the provisions of chapter one hundred and ninety-seven of the Revised Laws, and acts in amendment thereof, in the same manner as if chapter two hundred and ninety-two of the General Acts of the year nineteen hundred and fifteen had not been enacted. All the provisions of said chapter one hundred and ninety-seven, and of acts in amendment thereof, are hereby enacted so far as is necessary for this purpose. ·

"Section 2. This act shall take effect upon its passage."

The case was submitted on briefs.

*E. Higginson & S. W. Ashton*, for the petitioner.

*F. A. Pease*, for the respondent.

RUGG, C. J. This is a petition to enforce a mechanic's lien. The petitioner under an oral contract, made with the respondent on April 9, 1915, furnished labor and material in the erection of one house and the repair of another house on land of the re-

spondent. The work was begun on April 29, 1915, t¹
was done on January 31, 1916, a statement of lien wa
registry of deeds on February 24, 1916, and a suit ⁚
enforce the lien, later amended into the present p
filed on March 20, 1916.

No question has been raised as to the allowance of ₁
ment. See *Merrill* v. *Beckwith*, 168 Mass. 72; *Day* v
Mass. 585; *Kerr* v. *Whitney*, 224 Mass. 120. A pet
force a lien under R. L. c. 197, is on the law side of tɦ
not in equity. Such petitions may be brought in po
or municipal courts, in which equity suits cannot ₁
See G. L. c. 231, §§ 31, 141. · The procedure is that p
law. *Corbett* v. *Greenlaw*, 117 Mass. 167. *Hubon* v. ₁
Mass. 368. *Nantasket Beach Railroad* v. *Ransom*, 147 Ҋ

In substance and effect the proceeding as it now stan
the petitioner, having commenced work in performan
oral contract for furnishing labor and materials in the ⟨
tion of a building before the enactment of St. 1915, c.
having completed that contract after that act went iʳ
tion, seeks to enforce his lien for labor and materiaˡ
both before and after January 1, 1916, in accordanⱪ
provisions of R. L. c. 197, both as to substantive right
of procedure. Whether that can be done is a new quⱹ

At the time the petitioner made his contract and ɦ
form it, he was entitled under R. L. c. 197, to a lien f
materials to be enforced as therein set forth. A lien
ture "is not created upon the filing of a certificate an
but is created as soon as labor or material, or both, is
or furnished on real estate. The lien is an interest in the property,
stands as security for the payment of the debt, is a vested right
and is not an additional and extraordinary remedy which the
Legislature may discontinue at pleasure." *See* v. *Kolodny*, 227
Mass. 446, 448, 449. *Donahy* v. *Clapp*, 12 Cush. 440. *Clifton* v.
*Foster*, 103 Mass. 233. *Collins* v. *Patch*, 156 Mass. 317. *Savoy*
v. *Dudley*, 168 Mass. 538. *Wiley* v. *Connelly*, 179 Mass. 360.
Thus it has been settled by a long line of our decisions that the
lien is something more than a mere remedy or form of procedure
to which resort may be had for the collection of a debt. It is a
vested property right. It is entitled to the protection afforded

by the Constitution to such rights. It is not an amplification but
merely an application of this established principle to say that the
lien which thus sprang into existence under the terms of the
statute was coextensive in time and in every other valid par-
ticular with the contract. "The law as to the enforcement and
effect of a contract at the time it is made cannot be changed to
the detriment of either party. Such law enters into the terms of
the contract and becomes a part of its obligation." *Hanscom* v.
*Malden & Melrose Gas Light Co.* 220 Mass. 1, at page 7, where
numerous cases are collected and reviewed. *Hendrickson* v. *Ap-
person*, 245 U. S. 105, 113. "In modes of proceeding and forms
to enforce the contract the Legislature has the control, and may
enlarge, limit, or alter them, provided it does not deny a remedy
or so embarrass it with conditions or restrictions as seriously to
impair the value of the right." *Penniman's Case*, 103 U. S. 714,
720. *Devine's Case*, 236 Mass. 588. *Gilpatrick* v. *Cotting*, 214
Mass. 426. Numerous cases have arisen in other States, where it
has been held that lien laws cannot be subsequently changed so
as to affect rights of parties theretofore acquired under con-
tracts. *Kendall* v. *Fader*, 199 Ill. 294, 301. *Waters* v. *Dixie
Lumber & Manuf. Co.* 106 Ga. 592. *Weaver* v. *Sells*, 10 Kans.
609. *Leak* v. *Cook*, 52 Miss. 799. *Warren* v. *Woodard*, 70 N. C.
382. *Craig* v. *Herzman*, 9 No. Dak. 140. *Handel* v. *Elliott*, 60
Texas, 145. *Garneau* v. *Port Blakely Mill Co.* 8 Wash. 467. *H. W.
Wright Lumber Co.* v. *Hixon*, 105 Wis. 153. *Goodbub* v. *Hornung*,
127 Ind. 181, 192. There are other decisions where the lien is
held not to be a vested interest but only a form of remedy and
hence subject to legislative control as affecting existing liens.
*Frost* v. *Ilsley*, 54 Maine, 345, 351. *Wilson* v. *Simon*, 91 Md. 1, 9.
*Best* v. *Baumgardner*, 122 Penn. St. 17. This apparent conflict
with the general current of authority in the decisions just cited
rests upon conceptions as to the nature of the lien or perhaps upon
statutes creating the lien different from those which prevail in
this Commonwealth.

The right of the petitioner to the lien having come into exist-
ence when he began the performance of his agreement, the lien
law as it then stood in its essential features entered into the fabric
of his contract and could not be changed to his harm. That right
thus vested in him was to go forward and to perform his contract

according to its terms within such time as was required and at its completion to enforce the lien guaranteed to him under the law at the moment his right first became vested. It was a single and indivisible lien which grew out of his one contract. It follows that the lien acquired by the petitioner by the performance of his contract, begun under R. L. c. 197, and completed on January 31, 1916, was a vested property right and became a part of his contract so that it could not be taken away or vitiated by the Legislature.

A radical change was wrought in the lien law by St. 1915, c. 292, which went into operation according to its terms on January 1, 1916. This new law was in no sense an amendment of the mechanic's lien law theretofore existing. It was essentially an entirely new act. *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell*, 233 Mass. 314. Among other matters, it there is provided that no lien can be enforced for materials unless it is in writing, §§ 2 and 3, and that R. L. c. 197, §§ 1–7, 9–14, 25–31 are repealed, § 13. The petitioner's claim for lien rests upon §§ 1, 2 and 3 of R. L. c. 197. It is manifest that if St. 1915, c. 292, is given effect according to the widest scope of its terms, it would wipe out a substantial part of the petitioner's rights, since his contract was not in writing. It already has been decided as matter of construction that St. 1915, c. 292, by its repealing § 13, applied only to future liens which should come into existence under the new act and did not "apply to cases where by force of R. L. c. 197, mechanics had acquired a vested right to a lien before January 1, 1916." *Ainslee* v. *Boscketti*, 230 Mass. 577, 580. *See* v. *Kolodny*, 227 Mass. 446. Both those decisions related to liens acquired under R. L. c. 197, the work having been completed before January 1, 1916, the enforcement of which had been begun in court, in the latter case before January 1, 1916, and in the former case after that date, but in both cases in accordance with the proceedings provided in R. L. c. 197. It was held in each of those decisions as matter of construction of statutory law that that chapter still was in force for affording a remedy to the lienors notwithstanding the repealing provisions of St. 1915, c. 292, § 13. The underlying reason for both those decisions was that otherwise the petitioners would have had no remedy for the enforcement of their liens under the circumstances in each case. It was not

thought rational to hold that St. 1915, c. 292, could have been intended to have such an effect even though it contained no express reservation of rights already existing under the old law. There are at least equally impelling reasons in the case at bar for holding that the petitioner can proceed to enforce his lien under R. L. c. 197, and that that act cannot be held to have been repealed as to him. The case at bar goes one step further than the two decisions last cited. But it is a step which follows logically and necessarily from those decisions.

The plaintiff could not maintain a bill in equity to enforce his lien, or secure any other relief under St. 1915, c. 292, because his contract was not in writing. Thus it is manifest that said c. 292 does not afford a remedy or a form of procedure in any sense an adequate substitute, so far as concerns the petitioner, for that which he had under R. L. c. 197, when his right to a lien became vested. The case at bar in this particular is quite distinguishable from *Devine's Case*, 236 Mass. 588, and the authorities there collected, to the effect that mere forms of procedure and practice, not affecting nor impairing any rights of substance, may be changed by the Legislature so as to affect pending causes. It may be assumed that the petitioner might have enforced a lien for what was done prior to January 1, 1916, provided he had filed his statement of lien and his petition within the time limited after December 31, 1915, all in accordance with R. L. c. 197. But that would not fully have protected his rights because he had not then completed his contract. If he then had refused to go on with his contract and complete it, he would have been liable to an action for its breach, and if he continued performance and completed his contract he could not maintain any lien for what occurred after December 31, 1915, under said c. 292, because his contract was not in writing. Under either course, he would suffer loss. The only way he can be protected in the enjoyment of his vested rights is to hold that, after the preformance of his contract, even though that event occurred after January 1, 1916, when said c. 292 went into effect, he can nevertheless enforce his lien in accordance with the provisions of R. L. c. 197.

This result is necessary in order to save the constitutionality of St. 1915, c. 292. It is a familiar rule of law that "a statute which would be unconstitutional as applied to a certain class of

cases, and is constitutional as applied to another class, may be held to have been intended to apply only to the latter class, if this seems in harmony with the general purpose of the Legislature." Knowlton, C. J., in *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 241. *County of Berkshire* v. *Cande,* 222 Mass. 87, 90. *Commonwealth* v. *O'Neil,* 233 Mass. 535, 542. That principle is controlling as to the repealing § 13 of said c. 292. It would be beyond the power of the Legislature to impair by a subsequent statute the contract right and vested interest of the petitioner, to which he had become entitled under R. L. c. 197. It must be presumed that the General Court by the enactment of said c. 292 did not intend to exceed its powers but to keep within the limits imposed upon it by the Constitution. *Perkins* v. *Westwood,* 226 Mass. 268. A rational construction can be given to the statute which will bring it within the constitutional authority of the General Court.

The result is that the petitioner may maintain the present proceeding.

There is nothing in the judgment in *Savoie Quarry & Construction Co.* v. *Ziman,* 234 Mass. 210, at variance with the conclusion here reached. That was a suit in equity under St. 1915, c. 292, and the point here decided was not there directly raised.

It is unnecessary to consider the effect of St. 1917, c. 213, or whether it could rightly be held applicable to the case at bar.

In accordance with the terms of the report the entry may be, petitioner's lien is established for the sum of $1,365.87 and a sale to enforce the lien is ordered of the premises described in the petition.

*So ordered.*