BROCKWAY-SMITH CORPORATION vs. ROBERT A. DOYLE
COMPANY, INC., & another.

·Essex.    March 9, 1922. — April 18, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, & CARROLL, JJ.

*Equity Jurisdiction*, To enforce claim under St. 1920, c. 210.

If one furnishing labor and materials for the construction of a public· building
being built for a town under a contract made with a main contractor in May, ·
1920, ceases to furnish labor and material in July, 1920, his rights as to security
furnished by the contractor are governed by St. 1920, c. 210, which was ap-
proved on March 27, 1920, and took effect on June 27, 1920, and not by St.
1909, c. 514, § 23.

The requirement of St. 1920, c. 210, that one seeking to avail himself of the benefit
of the security above described must file a sworn statement of his claim in the
town clerk's office within sixty days after he ceases to perform labor and to
furnish labor and material, must be complied with strictly; and neither such
a sworn statement filed with the board of selectmen within sixty days, nor one
filed with the town clerk after sixty days will entitle a claimant to the benefit
of the security.

BILL IN EQUITY, filed in the Superior Court on January 26,
1921, to obtain for the plaintiff and all others entitled the benefit
of security held by the town of Salisbury under St. 1920, c. 210,
relating to the construction of a comfort station at Salisbury Beach.

John A. Janvrin and Joseph O. Forzese were permitted to inter-
vene. The suit was heard by *Bishop*, J. Material facts found by
him are described in the opinion. The claim of Forzese was denied.
A final decree was entered in favor of the plaintiff and Janvrin;
and Forzese appealed.

The case was submitted on briefs.

*A. G. Rocco*, for Forzese.

*E. S. Underwood, E. M. Stevens & H. R. Mayo*, for Brockway-
Smith Corporation.

*N. N. Jones & P. I. Lawton*, for Janvrin.

CARROLL, J. This is a bill in equity to obtain for the plaintiff
and all others entitled to it. the benefit of the security held by
the defendant as required by St. 1920, c. 210. The town of Salis-
bury contracted with the Robert A. Doyle Co. Inc. to build a
certain public building for $5,889. When suit was begun a bal-

ance of $2,037.50 was held by the defendant town. The plaintiff and the two intervenors furnished labor and material for the construction of the building. Before September 1, 1920, the Robert A. Doyle Co. Inc. made an assignment for the benefit of creditors and performed no labor and supplied no material after the assignment was made. It is not disputed that the plaintiff and the intervening petitioner Janvrin have a right to share in the fund. The only question is to the right of the intervening petitioner Forzese to share therein.

The latter ceased to labor and to furnish labor or material on the building in July, 1920. On August 24, 1920, he gave to the board of selectmen of Salisbury notice of his claim. This notice was not filed with the clerk of the town and was not sworn to. St. 1920, c. 210, requires that, in order to obtain the benefit of security held by a city, town or county to pay for labor performed or material and labor supplied in the repair or construction of a public building or public works, a sworn statement of the claim shall be filed in the town clerk's office within sixty days after the plaintiff ceases to perform labor or ceases to supply labor and material. In order to avail oneself of the remedy given by the statute, the statute must be strictly complied with. *Tower* v. *Miller*, 211 Mass. 113. *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292. To establish a lien upon security held by a town, the plaintiff must show that he has complied with the statutory provisions, and filed with the town clerk within sixty days after he ceased work a sworn statement of his claim. This was not done. His statement was not sworn to, and was not filed with the town clerk, but, as found by the presiding judge, was delivered to the selectmen.

St. 1920, c. 210, was approved on March 27, 1920, and took effect on June 27, 1920. St. 1909, c. 514, § 23, upon which the petitioner Forzese relies, required the plaintiff to file a sworn statement within sixty days after the completion of the work with the officers or agents who made the contract in behalf of the town, and he contends that the statement filed with the selectmen was in compliance with the law. Even if St. 1909, c. 514, § 23, were applicable, a sworn statement as required by that statute was not filed with the selectmen.

Although the contract between the town and the Robert A.

Doyle Co. Inc. was made in May, 1920, the right of the plaintiff to claim the security held by the town is governed by St. 1920, c. 210, and not by St. 1909, c. 514, § 23. He ceased to furnish labor and material in July, 1920, and at that time St. 1920, c. 210, was in force. The remedy of the plaintiff was under this statute, and it was applicable to the procedure to be followed in the enforcement of his claim. *Devine's Case*, 236 Mass. 588, 594, and cases cited. *Manchester* v. *Popkin*, 237 Mass. 434, was a petition under R. L. c. 197, to enforce a mechanic's lien. There the substantial rights of the parties were involved, and not merely the question of remedy or procedure to be followed as in the case at bar, and for this reason *Manchester* v. *Popkin* is not applicable.

The notice of the plaintiff's claim filed July 20, 1921, although sworn to and filed with the town clerk, was not filed within sixty days after he ceased to perform labor and to furnish labor or materials as required by St. 1920, c. 210.

*Decree affirmed.*