NATHANIEL M. GEORGE & another *vs.* BENJAMIN T. REED & others.

No exception to the allowance, under the St. of 1865, *c.* 179, of an amendment changing a suit at law into a proceeding in equity, or *vice versâ*, lies on the ground of laches in the plaintiff, or on the ground that, if the amendment were not granted, the suit or proceeding must be dismissed, and the bringing of a new proceeding or suit would be barred by the statute of limitations.

The St. of 1865, *c.* 179, authorizing this court and the superior court, in their discretion, to allow amendments changing certain suits at law into proceedings in equity, and *vice versâ*, applies to suits and proceedings pending at the time of its enactment.

CHAPMAN, C. J. This action was commenced in the superior court September 16, 1861. The original count was for goods sold to the defendants, doing business under the style of the Boston Mechanical Bakery Company. An amended count charged that the company was a corporation, but not legally organized, and that the defendants were its officers and liable as such. During the pendency of the action in the superior court, the St. of 1865, *c.* 179, was passed, authorizing this court and the superior court to allow amendments changing a suit at law into a proceeding in equity, if the same be necessary to enable the plaintiff to sustain the action for the cause for which it was originally intended to be brought. At April term 1868, on motion of the plaintiffs, leave was granted them, by the superior court, on terms, to change the action into a bill in equity. The defendants excepted to this decision, and the exceptions are now before us. They do not bring the case here, but merely the matter decided. And as to that matter, the only point that can come before us is, whether the judge had legal authority to grant the amendment.

So far as he had discretionary power, his decision is conclusive. As a general rule, the decision of a judge upon questions addressed to his discretion is not subject to exceptions. The question whether the amendment ought to have been refused because the plaintiffs had been guilty of laches is of this character; and we are not at liberty to consider the defendants' argument on that point.

The same remark may be made as to the point that the amendment has the effect to repeal the statute of limitations. It is true that, if the amendment had been refused, and the plaintiffs had been compelled to become nonsuit and commence a new action, the statute of limitations might be a bar to it. But that fact furnishes no argument against the amendment. In *Davenport* v. *Holland*, 2 Cush. 1, an amendment to a petition for review was granted more than a year after final judgment, when a new petition would have been barred by the statute. The amendment was held to be proper. Shaw, C. J., said that it had often been held to be a good reason for granting amendments on terms, instead of nonsuiting a party, and compelling him to bring a new action, that such action would be barred by the statute of limitations. He also said that the provisions of law allowing amendments are highly remedial, and are construed most liberally to cancel error and mistake, and to advance justice and right.

The St. of 1865, *c.* 179, was passed in furtherance of the policy of the legislature and of courts of justice to enable a party, who has a cause in court, to try it upon its merits, notwithstanding any defects in the form or substance of his pleadings, in preference to turning him out of court on account of such defects, and compelling him to begin anew. Sections 40, 41 and 42 of the Gen. Sts. *c.* 129, were framed in accordance with this policy; and they authorize almost every species of amendment, both before and after judgment, that substantial justice may require. But this was not the beginning of this policy. By the early statutes of the Colony and Province, amendments might be granted when the person is brought within the jurisdiction of the court by due service of process, and when the case, though defectively or informally stated, can be understood so that it shall appear that the amendment is for the same cause of action. *Bell* v. *Austin*, 13 Pick. 93. *Chaffee* v. *Pease*, 10 Allen, 538. The statute of 1865 extends the power to grant amendments but a single step. It confers no new jurisdiction. If a plaintiff obtains leave under it to amend by filing a bill in equity in the superior court, he must forthwith remove the

cause to this court; and all the subsequent proceedings must be in this court, as if a new bill were filed.

What effect the amendment will have upon the rights of parties not yet joined is a question not yet reached, and therefore it is premature to consider it. Nor can we, upon these exceptions, consider the question whether the bill can be maintained against the present defendants.

Nor is there any validity in the objection that the action was pending when the act passed. In *Robbins* v. *Holman*, 11 Cush. 26, it is said that the mode of conducting a suit, or the rules of practice regulating it, are not to be considered vested rights in any sense. They are the mere forms, and may as well be made applicable to actions already commenced but not yet tried, as to actions subsequently commenced. The practice act, allowing interrogatories to the adverse party, was there held to apply to actions pending when the act was passed. So in *Bickford* v. *Boston & Lowell Railroad Co.* 21 Pick. 109, the provisions of the Revised Statutes relative to the examination of trustees on *scire facias* were held applicable to suits pending. See also *Valentine* v. *Boston*, 20 Pick. 202. The objection that lies against *ex post facto* laws does not lie against statutes that merely authorize amendments or changes in the pleadings and procedure; because in these matters there are no vested rights. Statutes of the latter kind may be applied to pending actions without giving just cause of complaint to the parties.

We think that the act of 1865 applied to actions then pending, and that the court had authority to grant leave to amend in this case. *Exceptions overruled.*

*E. Merwin,* for the defendants.

*E. Avery,* for the plaintiffs.