WALTER R. KERR *vs.* HENRY M. WHITNEY.

Suffolk.    March 14, 1916. — May 17, 1916.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Supreme Judicial Court. Practice, Civil,* Amendment. *Equity Pleading and Practice,* Amendment. *Jurisdiction.*

St. 1905, c. 263, which repealed so much of R. L. c. 156, § 5, as gave the Supreme Judicial Court jurisdiction over certain actions in contract or replevin, did not take away the power of that court under R. L. c. 173, § 52, to allow an amendment changing a suit in equity in that court into an action at law; and under St. 1909, c. 33, and St. 1911, c. 275, the Supreme Judicial Court in allowing such an amendment either may order that an action of contract into which a suit in equity has been amended shall be removed to the Superior Court for trial or may order that after the amendment the action of contract shall be tried in the Supreme Judicial Court, as was done in the present case.

RUGG, C. J.    This litigation was begun as a suit in equity in the Supreme Judicial Court for Suffolk County.    A demurrer to the bill on the ground, among others, that there was a plain, adequate and complete remedy at law, was sustained.    Thereupon the plaintiff, against the objection and subject to the exception of the defendant, was allowed to amend his bill into an action at law for breach of contract.*

The allowance of this amendment was strictly within the power conferred by R. L. c. 173, § 52.    It is contended that this power no longer rests with the Supreme Judicial Court by reason of St. 1905, c. 263, which repealed so much of R. L. c. 156, § 5, as conferred original jurisdiction upon that court over certain ac-

* By order of *Braley,* J.    The order concluded as follows: "and that the bill be further amended into an action of law for damages for breach of contract.    And it is further ordered, adjudged and decreed that trial of said cause of action be had at the bar of this court."    At the request of the defendant the justice reported the case for determination by the full court under R. L. c. 173, § 105.

tions in contract or replevin. St. 1909, c. 33, enabled that court to order the removal of any action of contract or replevin pending before it to the Superior Court for trial. St. 1911, c. 275, amended R. L. c. 173, § 52, so as to make it permissive instead of mandatory for the court allowing an amendment from equity into law to retain jurisdiction of the cause.

The result of these statutes is to leave with the Supreme Judicial Court power to amend a cause from equity into law. The advantages of a generous jurisdiction to allow amendments changing the form of action, in order that a trial may be had upon the merits notwithstanding errors in the commencement or pleadings, are obvious. It is not unusual that in this way alone can the bar of the statute of limitations be avoided. The power has been freely exercised in order to simplify procedure, obviate delay and prevent a miscarriage of justice. *Browne* v. *Browne,* 215 Mass. 76. *Day* v. *Mills,* 213 Mass. 585 and cases cited.

It is not likely that the Legislature consciously intended to curtail this salutary power. R. L. c. 173, § 52, has not been narrowed, but on the contrary one and possibly the only manifest effect of the amendment of St. 1911, c. 275, was to enable the Supreme Judicial Court to send suits in equity amended into actions of contract or replevin to the Superior Court for trial. While the purpose of St. 1905, c. 263, was to relieve the Supreme Judicial Court of a part of its *nisi prius* work, the combined effect of the two later acts, to which allusion has been made, was not to impose upon it necessarily any of the work of which it had thus been relieved.

Moreover, amendments of the nature here in question scarcely would be allowed in instances where there was not an honest mistake or where the design was to get considered by the Supreme Judicial Court an action at law or in replevin.

　　　　　　　　　　*Order allowing amendment affirmed.*

*H. W. Ogden,* for the defendant.
*J. P. Jackson, Jr.,* for the plaintiff.