ARSENIO RENALDI, administrator, *vs.* NEW YORK CENTRAL
RAILROAD COMPANY.

ARSENIO RENALDI, administrator, *vs.* SAME.

Suffolk. March 9, 1926. — June 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, & WAIT, JJ.

*Negligence,* Employer's liability, Federal employer's liability act. *Practice, Civil,* Amendment.

An action cannot be maintained against a railroad corporation under G. L. c. 153, § 1, cl. 3; c. 229, for causing conscious suffering and the death of a section hand who, while clearing a switch on a day that was stormy with a high wind, was run into by a train of the defendant, where it appears that the decedent was not seen by the engineer before he was struck, though there was evidence that the engineer failed to slow down the train or to sound a whistle or to ring the bell. Following *Morris v. Boston & Maine Railroad,* 184 Mass. 368.

The original declaration in an action by an administrator against a railroad corporation set forth a cause of action under G. L. c. 153, § 1, Third; c. 229, for causing conscious suffering and the death of the plaintiff's intestate, who was run into by a train of the defendant as he was at work clearing a switch in the course of his employment. More than two years after the cause of the action arose, the plaintiff moved to amend the declaration by adding counts containing allegations that the railroad train was being operated in interstate commerce and setting forth a cause of action under the Federal employers' liability act. A judge who heard the motion ruled that as a matter of law the plaintiff could not amend his declaration so as to bring his cause of action under the provisions of the Federal employers' liability act after the expiration of more than two years following the accrual of the cause of action, and denied the motion. *Held,* that the ruling and denial were right.

TWO ACTIONS OF TORT with declarations, as amended, in four counts for causing conscious suffering and the deaths of Giovanni Bardelli and Attilio Renaldi, respectively. Writs dated June 14, 1922.

Motions to amend both declarations were heard by *Morton,* J. He ruled as follows:

"The counts in the original declaration and the third and fourth counts in the amended declaration are brought to enforce liability for death and conscious suffering under State laws.

"The fifth count of the proposed amended declaration is to enforce liability for damages under the Federal employers liability act.

"I allow the amendment so far as the third and fourth counts are concerned.

"I disallow the amendment as to the fifth count, solely on the ground that the plaintiff cannot as a matter of law amend his declaration so as to bring his cause of action under the provisions of the Federal employers liability act, after the expiration of more than two years since the cause of action accrued."

These rulings were reported by the judge to this court for determination.

The actions afterwards were tried together before *Irwin,* J. Material evidence is described in the opinion. By order of the judge, verdicts were entered for the defendant. The trial judge then also reported the actions to this court for determination.

*F. Hunt,* for the plaintiff.

*L. A. Mayberry,* (*W. F. Levis* with him,) for the defendant.

BRALEY, J. The plaintiff in the first action as administrator of the estate of Giovanni Bardelli, and in the second action as administrator of the estate of Attilio Renaldi sues to recover damages for the conscious suffering and death of each decedent alleged to have been caused by the negligence of the defendant. The declaration in each action as amended consisted of four counts, two for conscious suffering under G. L. c. 153, and two for death caused by wrongful act under G. L. c. 229.

The decedents on January 11, 1922, were employed by the defendant railroad company, and the jury could find that the day was stormy, with a high wind. It snowed and rained heavily, and at noon time the section foreman of the switching gang told the decedent Renaldi, "You have got to go up there and clean the switch at West Connor." Renaldi replied, "I will not go," because it was storming. The foreman then said, "Well, I will call another man and I will send him with you; I will send the two of you." And, the decedent Giovanni Bardelli having been called, they both

went away together, each carrying a shovel and a broom. The distance to West Connor was about three quarters of an hour's walk. The hospital record showed that both men were admitted to the hospital at about 2:50 P.M., January 11, 1922, and died there at about 4:35 P.M. There also was evidence that the decedents were seen at work when a train came along, and then, one was thrown "to one side and one on the other." The train which struck them was an interstate train running from Boston to Albany on the main line track, and the switch was being cleaned in connection with the running of this train. The defendant's engineer testified, that, from something the fireman said to him just as the engine struck the curve on the main line track and he had gone a considerable distance beyond the switch, he blew his whistle, immediately applied the brakes, stopped the train, and was told that "he had struck some men or a man at the switch." His uncontradicted evidence tended to show that "because the boiler of his engine obstructed his view of the track" he did not see either of the men before the accident. But after the train stopped "he saw one of the men in front of the engine."

It is obvious that there was no evidence for the jury of the negligence of the defendant's section foreman, superintendent, engineer or fireman. G. L. c. 153, § 1, Third. The defendant did not undertake to give the decedents warning of the approach of trains but each was expected to look out for himself. If the engineer failed to slow down the train, or to sound the whistle, or ring the bell, the defendant was not responsible for those omissions. *Morris* v. *Boston & Maine Railroad*, 184 Mass. 368. The verdict for the defendant on all the counts was ordered rightly.

But the plaintiff before trial filed a motion on December 4, 1924, to add a fifth count based on the Federal employers liability act. It was stipulated that when injured the decedents were employed in removing snow from a switch on the main line running from Boston in this Commonwealth, to Albany in the State of New York. The accident however happened January 11, 1922, the date when the cause of action in each case accrued. It is provided by § 8662 U. S. Comp. Sts., commonly known as the Federal employers

liability act, that "No action shall be maintained under this act unless commenced within two years from the date the cause of action accrued." The proposed amendment was based on the ground, that the decedents were aiding interstate commerce. It introduced a new and independent cause of action which the judge correctly ruled was barred by the statute. *Union Pacific Railway* v. *Wyler*, 158 U. S. 285. *Seaboard Air Line Railway* v. *Renn*, 241 U. S. 290, 293, 294. It is unnecessary to discuss the question, whether the provision that suit must be brought within two years is a condition on which liability rests, or operates only as a period of limitation.

The order denying the motion to amend is to stand, and judgment is to be entered for the defendant on the verdicts.

*So ordered.*