HAZEL G. SOMERS v. ALBERT B. HASTINGS.

Middlesex.    April 9, May 27, 1929. — September 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court,* Jury issues, Jurisdiction.    *Will,* Revocation.    *Jurisdiction.*

One petitioning for proof by copy of a will, alleged by him to have been destroyed, is not entitled as a matter of right, upon the next of kin of the decedent appearing and objecting to the proof of said will on the ground that it had been revoked, to have framed for trial by jury an issue, whether the decedent was of sound mind at the time of the alleged revocation, even if he offers evidence presenting a veritable controversy of fact upon that question.

PETITION, filed in the Probate Court for the county of Middlesex on November 6, 1925, for proof of an alleged will of Samuel B. Hastings, late of Lexington, the petition averring: "That the said deceased has left a document in

the form of a will, which is a copy of the will of the deceased dated March 22, 1923; that the said will has been destroyed, and the original cannot be offered for probate but that a true and accurate copy is herewith presented wherein Martin T. Hall was named executor and has declined to offer the will or a copy thereof for probate."

Albert B. Hastings, the father and sole next of kin of the decedent, had filed a petition for administration of the estate on August 21, 1925, and, upon the petition for probate, "appeared and objected, claiming that the will offered for probate had been revoked." The petitioner for probate thereupon filed a motion for the framing of issues for trial of jury, described in the opinion. The motion was heard by *Beane*, J. At the close of statements by counsel of evidence offered to be proved, the petitioner asked for the following rulings:

"1. This court has the power to frame issues for a jury bearing upon the revocation or cancellation of a will as well as upon the execution of a will.

" 2. This court has the power to frame an issue for a jury bearing upon the testamentary capacity of a person at the time of the burning, tearing or destruction of his will.

"3. This court has the power to frame an issue for a jury bearing upon the undue influence of a named person or persons upon another to effect the revocation or cancellation of his will.

"4. Trial by jury of issues involving the revocation or cancellation of a will is within the usages and discretion of this court.

"5. Trial by jury of an issue involving the testamentary capacity of a person at the time of the burning, tearing or destruction of his will is within the usages and discretion of this court.

"6. Trial by jury of an issue involving the undue influence of a named person or persons upon another to effect the revocation or cancellation of his will is within the usages and discretion of this court.

"7. The case at bar is one involving the probate of a will.

"8. The statement of counsel indicates a veritable controversy of fact on the issue of the proper revocation of the will.

"9. The statement of counsel indicates a veritable controversy of fact upon the issue of the testamentary capacity of Samuel B. Hastings at the time of the burning, tearing or destruction of his will.

"10. The statement of counsel indicates a veritable controversy of fact on the issue of the undue influence of a named person or persons upon Samuel B. Hastings to effect the revocation or cancellation of his will.

"11. This motion is properly heard upon statements by counsel.

"12. On statement of counsel there is substantial evidence for the consideration of a jury whether Samuel B. Hastings' mental soundness was sufficient to enable him to revoke or cancel his will.

"13. On statement of counsel there is substantial evidence for the consideration of a jury whether a named person or persons exercised undue influence on the mind of Samuel B. Hastings to effect the revocation or cancellation of his will."

The judge stated: "Without giving or denying any of these requests I denied the petitioner's motion for trial by jury on all of the issues."

The petitioner and Mora Somers, named in the alleged will, appealed.

*R. B. Coulter*, for the petitioner.

*M. T. Hall*, for the respondent.

PIERCE, J.  This is an appeal from the denial by a probate judge of the motion of Hazel G. Somers, a petitioner for the probate of the will of Samuel B. Hastings, late of Lexington, in the county of Middlesex, for issues to be framed for determination by jury.  The three issues, relating to the alleged revocation of the will offered for probate by copy, were, in substance, as follows: (1) whether the will was revoked according to law; (2) whether Samuel B. Hastings was of sound mind at the time of the alleged revocation; and (3) whether the alleged revocation was

procured by fraud or undue influence of Albert B. Hastings and Augustus Hastings, or either of them.

The motion was heard upon statements of counsel and such statements, taken by a stenographer appointed by the judge, appear in his report. At the conclusion of the statements of counsel, the counsel for the petitioner made certain requests for rulings. The judge, "without giving or denying any of these requests," denied "the petitioner's motion for trial by jury on all of the issues."

In her brief filed in this court, the petitioner admits that the will sought to be probated was duly executed in March, 1923, and that Samuel B. Hastings at that time was of sound mind and testamentary capacity. The petitioner further states that she "does not feel that there was any evidence that the physical destruction of the will was insufficient, and does not ask this court to find that the first issue should have been framed. Nor does she urge that this court frame an issue on the question of the fraud or undue influence of Albert B. Hastings."

With these admissions or concessions the obvious fundamental question for decision is, Does the power of the Probate Court to frame issues under G. L. c. 215, § 16, as interpreted in *Fuller* v. *Sylvia*, 240 Mass. 49, 52, include a power and discretion to frame issues bearing upon the revocation of a will? It is said in *Fuller* v. *Sylvia*, *supra*, ". . . trial by jury upon issues arising in the ordinary course of probate courts . . . is not matter of right. Trial by jury in such cases 'rests in the usages and discretion of the court,'" citing to the same effect, *Davis* v. *Davis*, 123 Mass. 590, 593, *Fay* v. *Vanderford*, 154 Mass. 498, *Doherty* v. *O'Callaghan*, 157 Mass. 90, and *McKay* v. *Kean*, 167 Mass. 524. *Fuller* v. *Sylvia*, *supra*, further decides that the power conferred upon the Probate Court by St. 1919, c. 274, § 7, now G. L. c. 215, § 16, to frame issues upon the application of a party in accordance with the practice established by the Supreme Judicial Court in like cases is no broader than that previously vested in the Supreme Judicial Court, and that the practice of the Probate Court in the exercise of the power thus conferred upon it is to

be in accordance with the then established usage of the Supreme Judicial Court.

Counsel have not brought to our attention and we are unable to find any case in this Commonwealth where the Supreme Judicial Court has allowed issues to be framed solely in connection with the revocation of a will duly made, signed, executed and declared as the last will of the testator in the presence of three competent witnesses who, as attesting witnesses thereto, attested and subscribed their names as such in the presence of the testator and at his request. Four cases, *Wallis* v. *Wallis*, 114 Mass. 510, *Tarbell* v. *Forbes*, 177 Mass. 238, *Giles* v. *Giles*, 204 Mass. 383, and *Aldrich* v. *Aldrich*, 215 Mass. 164, appear in our reports wherein an issue of fact was framed in connection with an alleged revocation of a will offered for probate. In each of the above cases there were other issues of fact properly framed which had no relation to the issue whether the testator of the will offered for probate had revoked that will. Except as may be inferred from the above decisions, we know of no practice to frame issues as to the revocation of a will. The procedure in the cases cited was exceptional. It should not be extended and does not establish a practice as to cases like the present.

It becomes unnecessary to consider whether the facts as alleged in the statement of the counsel for the petitioner presented a veritable controversy of fact upon the issue of the testamentary capacity of Samuel B. Hastings at the time of the alleged revocation.

It results that the motion was denied rightly and that the decree must be affirmed.

*Decree accordingly.*