FRANK N. HUGHES, administrator, *vs.* GEORGE A. GASTON & another, receivers.

Hampden. September 22, 1932. — December 23, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Amendment. *Negligence,* Employer's liability: under Federal statute, superintendence. *Limitations, Statute of.*

Where the declaration in an action of tort by an administrator against the receiver of a railroad corporation contained merely allegations in a first count that the plaintiff's intestate, while employed by the defendant, on or about June 4, 1928, received injuries resulting in his death by reason of negligence of an engineer in charge of a train upon the railroad in failing to warn of its approach, and in a second count allegations of negligence of the person in the service of the corporation who was entrusted with and exercising superintendence over the intestate and whose sole or principal duty was superintendence, and both counts contained allegations that an action had accrued to the plaintiff, as administrator, to recover damages, and that he claimed "damages, as administrator aforesaid, under the laws and statutes of the Commonwealth of Massachusetts," but nothing else was set out in either count as to the circumstances of the accident, it was error on October 20, 1931, to allow an amendment substituting a declaration containing two counts setting forth that the intestate's injuries were received while he was "engaged in aiding interstate commerce." Following *Renaldi* v. *New York Central Railroad,* 256 Mass. 337.

A verdict should have been ordered for the defendant at the trial of an action by the administrator of the estate of one employed as a section hand upon a railroad against a receiver of the railroad corporation to recover for conscious suffering and death resulting from alleged negligence of a foreman of the employee, where the evidence in its aspect most favorable to the plaintiff showed merely that, as the foreman and section hands, including the intestate, were on a hand car on the railroad, the employees, by the foreman's orders, stopped the car and listened for any coming train; that, hearing none, they proceeded; that shortly afterwards a train was seen rapidly approaching; that the foreman ordered the men to jump and, when they moved to seize the hand car, ordered them to stand back before it was lifted from the rails; and that thereafter the train struck the hand car and smashed it, and a piece of it struck the intestate, causing his death.

TORT. Writ dated November 4, 1929.

The original declaration, described in the opinion, while in both counts it contained allegations that the defendants were receivers "of the Central Vermont Railway Company, a corporation which, on or about the fourth day of June, 1928, owned and operated a railroad between certain points, including Monson, in the State of Massachusetts and St. Albans, in the State of Vermont," contained no allegation or recital of fact that either the plaintiff's intestate or the alleged negligent employee of the corporation was engaged in interstate commerce. The amendment described in the opinion substituted a new declaration in two counts in each of which was an allegation that the plaintiff's intestate was injured "while engaged in aiding interstate commerce." The first count of the substituted declaration was based on negligence of a certain engineer "who at the time had charge of a train upon said railroad proceeding from New London, Connecticut to White River Junction, Vermont, which said negligence consisted in his failure to warn the deceased of the approach of said train." The second count was based upon negligence of a person "entrusted with and exercising superintendence over the deceased, whose sole or principal duty was that of superintendence." At the close of the evidence at the trial, the plaintiff waived the first count in the amended declaration.

The amendment was allowed, and the action was tried

before *Weed*, J.  Material evidence at the trial is described in the opinion.  A motion that a verdict be ordered for the defendants was denied.  There was a verdict for the plaintiff in the sum of $3,500.  The defendants alleged exceptions.

*G. F. Leary*, (*G. D. Cummings* with him,) for the defendants.

*J. E. Kerigan*, for the plaintiff.

WAIT, J.  The plaintiff's intestate while in the employ of the Central Vermont Railway Company as a section hand was injured on June 5, 1928, so that on the same day he died.  The administrator brought suit against the receivers of the company by writ dated November 4, 1929.  The first count of the declaration alleged negligence of an engineer in charge of a train upon the railroad in failing to warn of its approach.  The second count alleged negligence of the person in the service of the corporation entrusted with and exercising superintendence over the deceased and whose sole or principal duty was superintendence.  Both counts alleged that an action had accrued to the plaintiff, as administrator, to recover damages, and that he claimed "damages, as administrator aforesaid, under the laws and statutes of the Commonwealth of Massachusetts."  Nothing was set out of the circumstances of the accident.  Apart from the allegation that the corporation "owned and operated a railroad between certain points, including Monson, in the State of Massachusetts and St. Albans, in the State of Vermont," nothing in the declaration suggested interstate transportation.

At the opening of the trial, on October 20, 1931, the plaintiff against the defendants' exception was allowed to substitute an amended declaration which alleged, in addition to the original allegations, that the intestate was injured "while engaged in aiding interstate commerce," and that the engineer "had charge of a train upon said railroad proceeding from New London, Connecticut to White River Junction, Vermont"; and which omitted the allegation of claim "under the laws and statutes of the Commonwealth of Massachusetts."

There was evidence as follows: The intestate, one of a section gang of five men under one Tony Galasso as foreman, had been at work putting in ties and laying rails, in raising the track of the main line of the railroad between New London, Connecticut, and Palmer, Massachusetts. They had stopped this work for the day and were propelling a hand car, south, over the single track toward Monson, expecting to meet a northbound train somewhere on their way. On a down grade some hundreds of feet north from a curve to the southeast, by the foreman's orders, they stopped the car and listened for any coming train. They heard no sound and started ahead, all the men pumping at the windlass of the hand car, the intestate and all but one facing south. Before they had gone far the train was seen on the curve approaching at from forty to forty-five miles per hour. The foreman at once ordered the crew to jump. They jumped; and then moved to seize the hand car, but the foreman ordered them to stand back before it had been lifted from the rails. All stood back in various positions. The engine, which had not slackened speed, struck the hand car, smashed it, and drove a piece against the intestate hurling him down. He died shortly after. There was evidence that he was over sixty years of age, never married, at times out of work, earning when employed $20 per week, living with a brother's family, turning in his pay envelope to the brother's wife and getting from her, on request, what he needed for personal expenditures. It could be found that the brother helped him when work failed him.

The first count was waived at the close of the evidence. The trial judge denied the defendants' motion to direct a verdict in their favor; and refused to instruct the jury that "The plaintiff has failed to prove by competent evidence the amount of pecuniary loss sustained by the death of his brother, the deceased." The bill of exceptions alleges error in the allowance of the amendment setting up a claim under the Federal liability act more than two years after the death; in the denial of the motion to direct, and of the request to instruct.

We decided in *Renaldi* v. *New York Central Railroad,* 256 Mass. 337, that a cause of action arising under the Federal act was a different cause from one based upon our Massachusetts statute, and that an amendment adding to allegations confined to the latter, allegations under the former, introduced a new cause of action, and could not properly be allowed after the Federal statute of limitations, which limits actions to two years after the death, had run. We find no such allegations in the original declaration as have led the Supreme Court of the United States in *New York Central & Hudson River Railroad* v. *Kinney,* 260 U. S. 340, (see also *Baltimore & Ohio Southwestern Railroad* v. *Carroll,* 280 U. S. 491,) to sanction analogous amendments. There is more here than mere amplification of allegations in the earlier declaration which disclose a cause of action under the Federal act. See *Seaboard Air Line Railway* v. *Renn,* 241 U. S. 290, 293. The earlier declaration was complete. It asserted a cause of action under the Massachusetts statute. It did not disclose facts which made out a case under the Federal statute. We think the *Renaldi* decision controls the case before us in this respect.

Moreover we are unable to discover in the record sufficient evidence of negligence on the part of the foreman of the section hands to take the case to the jury. He stopped the hand car, and did not proceed until it seemed safe. When danger appeared, he ordered his men to jump and warned them against going on with an effort to take the hand car from the rails. No other servant was charged with negligence when the case was finished. The evidence in regard to what he did came from the plaintiff's witnesses. We think there was error in denying the defendants' motion.

It is unnecessary to discuss other grounds of assumption of risk, lack of due care, and insufficient evidence of damage which are argued by the defendants.

No one contends that the intestate was not engaged in interstate transportation. The only recovery possible therefore was under the Federal statute. *New York Central Railroad* v. *Winfield,* 244 U. S. 147. *Lynch* v. *Boston &*

*Maine Railroad,* 227 Mass. 123.    The plaintiff's case is barred by the Federal statute of limitations.    Under such circumstances we think that, pursuant to G. L. (Ter. Ed.) c. 231, § 122, our order must be

*Exceptions sustained.*
*Judgment for the defendants.*