KARL BRESSLER *vs.* SAMUEL AVERBUCK & another.

Suffolk.    October 7, 1947. — December 5, 1947.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Gaming. Equity Jurisdiction,* To reach and apply equitable assets, Plaintiff's clean hands. *Equity Pleading and Practice,* Amendment into action at law, Bill. *Words,* "Debt."

A suit in equity may be maintained under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply the interest of the principal defendant in a partnership to the satisfaction of an obligation of that defendant to the plaintiff under the gaming statute, G. L. (Ter. Ed.) c. 137, § 1.

The defence of unclean hands based on the plaintiff's violation of the gaming statute, G. L. (Ter. Ed.) c. 137, § 1, is not open to the principal defendant in a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply the interest of that defendant in a partnership to satisfaction of an obligation of that defendant to the plaintiff arising under the gaming statute.

A demurrer to the bill in a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (7), to enforce an alleged obligation of the principal defendant to the plaintiff under the gaming statute, G. L. (Ter. Ed.) c. 137, § 1, properly was sustained because of indefiniteness of the bill where the only averments relating to such obligation were that between "the first week of April, 1946, and September 23, 1946, the [principal] defendant . . . obtained and received from the plaintiff, by playing cards and games illegally and contrary to the provisions of G. L. (Ter. Ed.) c. 137, § 1," a certain sum of money.

It was error to deny as a matter of law and not as a matter of discretion a motion to amend into an action at law in contract a suit in equity to reach and apply the interest of the principal defendant in a partnership to satisfy an obligation of that defendant to the plaintiff under the gaming statute, G. L. (Ter. Ed.) c. 137, § 1.

BILL IN EQUITY, filed in the Superior Court on October 21, 1946.

The case was heard on demurrer and on the plaintiff's motion to amend by *Williams,* J.

*B. Ginsburg,* for the plaintiff.

*M. J. Segal,* (*S. L. Segal* with him,) for the defendants.

SPALDING, J.   The plaintiff seeks by this bill in equity to establish a debt under the so called gaming statute (G. L. [Ter. Ed.] c. 137, § 1) and to reach the interest of the defendant Samuel Averbuck in a partnership[1] and apply it to the satisfaction of the debt.   Samuel Averbuck, hereinafter called the defendant, demurred to the bill, and an interlocutory decree was entered on January 9, 1947, sustaining the demurrer with leave to amend within ten days. Thereafter the plaintiff filed a motion[2] to amend the suit in equity into an action at law; the motion also asked that a declaration annexed thereto, containing two counts in contract, be allowed.   Subsequently, after hearing, the judge denied the motion "as a matter of law and not as a matter of discretion."   The case comes here on the plaintiff's appeal from the action of the judge in denying his motion to amend and from the final decree dismissing the bill.   Although the appeal from the interlocutory decree sustaining the demurrer was not taken seasonably, that decree is "open to revision" upon the appeal from the final decree.   G. L. (Ter. Ed.) c. 214, § 27.   *Rigs v. Sokol,* 318 Mass. 337, 339.

The grounds assigned in the demurrer are (1) failure to state a case entitling the plaintiff to equitable relief, (2) failure to set forth the facts with sufficient particularity, and (3) noncompliance with the requirements of G. L. (Ter. Ed.) c. 137, § 1.   The first and third grounds may be considered together, as they both seek to raise the question whether a cause of action grounded on G. L. (Ter. Ed.) c. 137, § 1, can be brought on the equity side of the court. The material portions of § 1 are as follows: "Whoever, by playing at cards, dice or other game, or by betting on the sides or hands of those gaming, loses to a person so playing or betting money or goods, and pays or delivers the same or any part thereof to the winner . . . may recover such

---

[1] The partnership, according to the bill, comprised the defendant Samuel Averbuck and his brother Allen Averbuck, also a defendant.

[2] The following notation was made on the motion by the judge: "Jan. 22, 1947, Filed by leave of court as of January 18, 1947, when the within motion was presented to the clerk for filing."

money or the value of such goods *in contract;* and if he does not within three months after such loss, payment or delivery, without covin or collusion, prosecute *such action* with effect, any other person may sue for and recover in tort treble the value thereof" (emphasis supplied).

The defendant argues that, since the Legislature has provided a remedy by an action "in contract," the plaintiff is entitled to proceed only on the law side of the court. We cannot agree. This argument overlooks the nature of the plaintiff's pleading which is framed as a creditor's bill brought under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply the defendant's interest in a partnership. The purpose of that statute was to give to those who had rights enforceable at law the right to enforce them on the equity side of the court by a proceeding which has been said to be "in the nature of an equitable trustee process." *Phoenix Ins. Co.* v. *Abbott,* 127 Mass. 558, 560. *Stockbridge* v. *Mixer,* 215 Mass. 415, 417, and cases cited. *McCarthy* v. *Rogers,* 295 Mass. 245, 248. In *Stockbridge* v. *Mixer* it was said at page 418, "This clause of the statute [the predecessor of what is now G. L. (Ter. Ed.) c. 214, § 3 (7)] combines in a single proceeding two different matters or steps in procedure, one at law and the other in equity. The first is the establishment of an indebtedness on the part of the principal defendant to the plaintiff. The second is the process for collecting the debt, when established, out of property rights which cannot be reached on an execution." In short a bill to reach and apply is essentially a proceeding at law supplemented by an equitable attachment. The proceeding here was none the less "in contract" because the plaintiff sought an attachment in equity. We find nothing in either the language or the purpose of the gaming statute that manifests an intention to withhold from one seeking to recover money under it the remedy provided in G. L. (Ter. Ed.) c. 214, § 3 (7). See *Rice* v. *Winslow,* 182 Mass. 273, 275–276. Nor is the statute last mentioned to be construed as furnishing a remedy which may be invoked only in aid of common law rights as distinguished from those created by statute.

Properly no contention is made that the alleged interest

of the defendant in the partnership may not be reached. The statute expressly provides that the "interest of the defendant in partnership property may be reached and applied." *Gay* v. *Ray*, 195 Mass. 8, 15. The statute, however, provides that such interest may be reached and applied only "in payment of the plaintiff's debt."

What constitutes a debt within the meaning of this statute has been discussed in several decisions. See *Woodbury* v. *Sparrell Print*, 187 Mass. 426, 428–429; *H. J. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118; *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, 202; *Garsson* v. *American Diesel Engine Corp.* 310 Mass. 618, 620–623. An illuminating discussion by Rugg, C.J., will be found in the *Kilbourne* case cited above. In the light of these decisions, we are of opinion that the obligation which the plaintiff is seeking to enforce here is a "debt" within the intendment of the statute and that the plaintiff was entitled to bring a bill to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (7), to enforce it.

The defence of unclean hands based on the illegal conduct of the plaintiff cannot prevail. Obviously this defence is not open to a defendant in a proceeding under G. L. (Ter. Ed.) c. 137, § 1, the object of which is to discourage gambling by giving the loser the right to recover back his losses despite his violation of law. See *Rice* v. *Winslow*, 182 Mass. 273, 275.

We think, however, that the demurrer was rightly sustained on the ground that the allegations of the bill were too indefinite. It is an elementary rule of equity pleading that the bill must contain a clear and precise statement of all the material facts upon which the plaintiff's right to relief depends in order that the defendant may be informed of the specific nature of the claim against him. *Carson* v. *Gikas*, 321 Mass. 468, 469–470, and cases cited. The bill here plainly violates this rule. The only portion of the bill that relates to the alleged debt is paragraph 1, which reads as follows: "Between the first week of April, 1946, and September 23, 1946, the defendant, Samuel Averbuck,

obtained and received from the plaintiff, by playing cards and games, illegally and contrary to the provisions of G. L. (Ter. Ed.) c. 137, § 1, the amount of $28,050." The dates and amounts of the various losses are not set forth. There is merely the bald assertion that during the period specified the defendant received $28,050 from the plaintiff by playing cards and games in violation of the statute. This did not adequately inform the defendant of the case he was called upon to meet.

It remains to consider the plaintiff's appeal from the action of the judge denying the plaintiff's motion to amend from equity into law. Although this ruling was not embodied in a decree, it was in substance an interlocutory decree and is subject to revision on appeal. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 370. *Regan* v. *Tierney*, 306 Mass. 168, 169. See *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 33; *Churchill* v. *Churchill*, 239 Mass. 443, 445; *Check* v. *Kaplan*, 280 Mass. 170, 175. It is expressly provided in G. L. (Ter. Ed.) c. 231, § 55, as amended by St. 1935, c. 318, § 6, that "The . . . superior . . . court may, before final judgment, and upon terms, allow an amendment changing an action at law into a suit in equity, or a suit in equity into an action at law, if it is necessary to enable the plaintiff to sustain the action or suit for the cause for which it was intended to be brought." See *Kerr* v. *Whitney*, 224 Mass. 120. The granting of such an amendment was discretionary. *George* v. *Reed*, 101 Mass. 378. Had the judge denied it in the exercise of his discretion no question of law would have been presented. But he denied it as matter of law. This was in effect a ruling that he had no power to allow the motion. *Peterson* v. *Cadogan*, 313 Mass. 133, 134.

In our opinion the judge had the power to allow the amendment and his ruling to the contrary was erroneous. The amendment[1] could have been found to be "necessary to enable the plaintiff to sustain the action or suit for the

---

[1] The declaration contained in the motion clearly shows that it related to the same transactions for which recovery was sought in the bill, and the amounts and dates of the losses were set forth in a bill of particulars.

cause for which it was intended to be brought." It is true that no action to recover back money lost at gaming under G. L. (Ter. Ed.) c. 137, § 1, can be maintained by the loser after the expiration of three months from the date of the loss. *Plummer* v. *Gray*, 8 Gray, 243. *Low* v. *Blanchard*, 116 Mass. 272. But the suit here appears to have been seasonably brought, at least as to some of the alleged losses, and related to a matter of which the court had jurisdiction. And the filing of the motion to amend as of January 18, 1947, was not an attempt to commence a proceeding for a different cause of action; it was, as noted above, merely an attempt to go forward with the same cause of action on the law side of the court. In these circumstances, despite the fact that the three months limitation in which to sue contained in G. L. (Ter. Ed.) c. 137, § 1, is a limitation upon the right as well as the remedy, the court had the power under G. L. (Ter. Ed.) c. 231, § 55, after the expiration of that period to allow the amendment under consideration. *George* v. *Reed*, 101 Mass. 378. *Kerr* v. *Whitney*, 224 Mass. 120, 121. *Gallagher* v. *Wheeler*, 292 Mass. 547, 553–554. See also *McLaughlin* v. *West End Street Railway*, 186 Mass. 150; *Genga* v. *Director General of Railroads*, 243 Mass. 101, 104; *Peterson* v. *Cadogan*, 313 Mass. 133, 134. Compare *Hughes* v. *Gaston*, 281 Mass. 292, 296. Such cases as *Peterson* v. *Waltham*, 150 Mass. 564, and *Partridge* v. *Arlington*, 193 Mass. 530, relied on by the defendant, are not at variance with this conclusion.

The interlocutory decree sustaining the demurrer is affirmed. The interlocutory decree denying the motion to amend from equity into law is reversed. The final decree dismissing the bill is reversed, so that the court may consider the plaintiff's motion to amend from equity into law. The allowance of such a motion, of course, rests in the discretion of the judge in the court below and we express no opinion as to whether the motion ought to be allowed.

*So ordered.*