LAWRENCE H. OPPENHEIM CO. *vs.* ARTHUR A. BLOOM
& others.

Suffolk.   December 5, 1949. — February 7, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Guaranty. Contract,* Consideration, Under seal.

Under G. L. (Ter. Ed.) c. 4, § 9A, a guaranty containing a recital that it was executed under seal had the effect of a sealed instrument, and an action thereon might be maintained without proof of actual consideration.

BILL IN EQUITY, filed in the Superior Court on May 24, 1948.

The suit was heard by *Baker,* J.

*J. H. Soble,* for the defendants, submitted a brief.

*M. Michelson,* for the plaintiff.

COUNIHAN, J.   This is a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (7), (8), by a creditor to establish a debt against two of the defendants and to reach and apply certain shares of stock in the corporate defendants in satisfaction of this indebtedness. There was a decree for the plaintiff and the suit is here on appeal. The evidence is re-

ported and the judge made findings of fact. The only testimony came from the treasurer and general manager of the plaintiff. It may be summarized as follows: In September, 1946, he was approached by one Henry Bloom, a partner in the firm of Leighton & LaPierre, for a loan to finance the purchase of wine. He agreed to make the loan on certain conditions, one of which was that Henry Bloom would furnish the plaintiff with a guaranty from his brother Arthur A. Bloom and one from his brother Charles Bloom, each in the sum of $3,750. This Henry agreed to do, and as a result the plaintiff lent Leighton & LaPierre the sum of $39,000 between September 3 and September 30, 1946. After discussion relative to the form of each guaranty Henry Bloom, before the obligation was due, delivered to the plaintiff a written guaranty dated October 5, 1946, signed by Arthur A. Bloom, and another written guaranty dated October 9, 1946, signed by Charles Bloom. Each guaranty recited that it was under seal, for good and valuable consideration, that it was a continuing guaranty, and that the liability of the guarantor should accrue thereunder without notice of the creation of any obligations guaranteed thereunder. Subsequently Leighton & LaPierre defaulted in its obligations to the plaintiff, and at the time the suit was brought there was due the plaintiff more than the aggregate sums of both guaranties.

The principal defendants contend that their guaranties are void because of lack of consideration, and that in equity, despite a recital of consideration in a sealed instrument, actual consideration or lack of it may be determined. These contentions are without merit.

While this suit is brought in equity under G. L. (Ter. Ed.) c. 214, § 3 (7), (8), it is in essence a law action, *Bressler* v. *Averbuck*, 322 Mass. 139, 141, and cases there cited; and although no seal was affixed to either guaranty, there was a recital in each that it was executed under seal, which under G. L. (Ter. Ed.) c. 4, § 9A, is sufficient to constitute it a sealed instrument, and no actual consideration need be shown. *Hayden* v. *Beane*, 293 Mass. 347, 350.

The principal defendants further contend that certain findings of the judge are unsupported by the evidence. We have examined the evidence and are satisfied that all of the material findings of the judge are justified by the evidence and reasonable inferences therefrom. There was no error.

*Decree affirmed with costs.*