LOUIS A. MARCOUX, administrator, *vs.* TREFFLE CHARROUX.

Bristol.    October 29, 1952. — January 28, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Jury issues, Equity proceeding, Judicial discretion. *Equity Pleading and Practice*, Jury issues, Judicial discretion. *Equity Jurisdiction*, Accounting.

A proceeding in a Probate Court by an administrator to enforce an alleged fiduciary obligation of the respondent to return or account for assets received from the decedent was under the general equity jurisdiction and not on the probate side of the court.  [688]

In a proceeding in equity in a Probate Court by an administrator to enforce an alleged fiduciary obligation of the respondent, the court under G. L. (Ter. Ed.) c. 215, § 16, and the "practice established" by this court had discretionary power to frame issues for a jury and it was error to deny a motion for jury issues "as a matter of law."  [688–689]

PETITION, filed in the Probate Court for the county of Bristol on January 18, 1951.

A motion for jury issues was heard by *Considine*, J.

In this court the case was submitted on briefs.

*George B. Goodman*, for the respondent.

*Solomon Rosenberg & Jack M. Rosenberg*, for the petitioner.

QUA, C.J.    In this proceeding, brought in the Probate Court, the petitioner, as the administrator of the estate of Isaac Marcoux, alleges that the respondent, a nephew of the intestate, "assumed control" over him when he was physically and mentally infirm, took possession of all his assets, acted for him in financial matters, was entrusted by the intestate with assets when the intestate was infirm and under the influence of liquor, and by reason of the trust and confidence reposed in him by the intestate became a fiduciary, and that the petitioner is entitled to a return of all assets received by the respondent from the intestate and not properly expended in his behalf.   The prayers are for an accounting and a return of the assets.

The respondent moved that certain specified issues of fact be tried by a jury. The judge denied the motion "as a matter of law." The respondent appeals.

It is plain that this was not a proceeding on the probate side of the court. Although brought in the Probate Court, it was a suit in equity to enforce a fiduciary obligation. It falls under a well known heading of general equity jurisprudence. It could be brought in the Probate Court because it relates to the administration of the estate of a deceased person. G. L. (Ter. Ed.) c. 215, § 6, as appearing in part in St. 1939, c. 194, § 2.

The power of the Probate Court to frame jury issues extends to such a case as this, since by G. L. (Ter. Ed.) c. 215, § 16, that power extends to "any proceeding." But by the terms of that same statute the power must be exercised "in accordance with the practice established by the supreme judicial court in like cases." The practice established by the Supreme Judicial Court before the year 1919, when the statute was originally enacted as St. 1919, c. 274, § 7, and since maintained, with respect to jury issues in suits in equity was and is that, while such issues are seldom actually granted, the court possesses, and on rare occasions for reasons deemed sufficient exercises, a discretionary power to grant them if justice seems to require it. This was the conclusion reached after most careful consideration in *Parker* v. *Simpson*, 180 Mass. 334, 344–356, and confirmed in other cases. *Shapira* v. *D'Arcy*, 180 Mass. 377, 378–379. *Culbert* v. *Hall*, 181 Mass. 24. *Bergeron* v. *Automobile Mutual Ins. Co.* 261 Mass. 409. *Pappathanos* v. *Coakley*, 263 Mass. 401, 406. *Boston* v. *Dolan*, 298 Mass. 346, 355. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 371. *New England Novelty Co.* v. *Sandberg*, 315 Mass. 739, 750–751. G. L. (Ter. Ed.) c. 214, § 34. This practice in suits in equity is to be distinguished from the practice in proceedings in probate, where by 1919 the granting of jury issues had become confined to contested will cases. *Fuller* v. *Sylvia*, 240 Mass. 49, 52–53. *Somers* v. *Hastings*, 268 Mass. 531, 534–535.

Manifestly then the respondent could not insist upon a jury as a matter of right. This case is not like *Stockbridge* v. *Mixer*, 215 Mass. 415, 418, *Cochrane* v. *Forbes*, 265 Mass. 249, 254, and other cases, where the suit is in essence an action at law accompanied by an equitable trustee process. *Bressler* v. *Averbuck*, 322 Mass. 139, 141. But the respondent did have a right to have the judge consider his motion and pass upon it as a matter of discretion. This the judge precluded himself from doing by denying the motion "as a matter of law." This creates the difficulty in the case. We must take the judge at his word. We are far from saying that the motion ought to have been granted. We say only that to deny it "as a matter of law" in the face of the language of G. L. (Ter. Ed.) c. 215, § 16, and the "practice established" by this court was error of law.

The record furnishes no basis upon which we ourselves can pass upon the question of discretion. There is no report of the evidence, if any, or of the statements of counsel at the hearing on the motion. The judge filed "Findings of Material Facts," in which, however, he found no facts other than that the respondent "contended that he would introduce evidence by reputable witnesses that the deceased did not entrust him with any bank accounts, cash on hand, or other personal property, and that he was in no way indebted to the decedent's estate, nor that he was in a fiduciary relationship with the decedent." The motion must be reconsidered in the light of this opinion by the trial judge who heard it.

*Order denying respondent's motion*
*for jury issues reversed.*