THELMA MURAWSKI & another *vs.* ELVET E. LAIRD.

Suffolk. November 3, 1953. — December 4, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence*, Medical publication. *Notice.*

A notice required by G. L. (Ter. Ed.) c. 233, § 79C, inserted by St. 1949, c. 183, § 1, to be given to an adverse party of intention to offer as evidence a statement of fact or opinion by an expert writer in a publication is sufficient if it specifies the name of the writer and the title of such publication, and need not specify the statement to be offered or the page of the publication on which the statement appears.

TORT. Writ in the Superior Court dated November 12, 1948.

The action was tried before *Fairhurst*, J.

*Meyer H. Goldman*, (*Herbert L. Sostek* with him,) for the plaintiffs.

*Saul Gordon & John F. Dunn*, for the defendant, submitted a brief.

WILKINS, J. This is an action against a physician for malpractice by the female plaintiff, with a count for consequential damages by her husband. The trial judge directed verdicts for the defendant, and reported the case upon the correctness of his rulings, another of which was the exclusion of statements from a book on a medical subject.

General Laws (Ter. Ed.) c. 233, § 79C, inserted by St. 1949, c. 183, § 1, provides: "A statement of fact or opinion on a subject of science or art contained in a published treatise, periodical, book or pamphlet shall, in the discretion of the court, and if the court finds that it is relevant and that the writer of such statement is recognized in his profession or calling as an expert on the subject, be admissible

in actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitaria, as evidence tending to prove said fact or as opinion evidence; provided, however, that the party intending to offer as evidence any such statement shall, not less than three days before the trial of the action, give the adverse party notice of such intention, stating the name of the writer of the statement and the title of the treatise, periodical, book or pamphlet in which it is contained."

More than three days prior to the trial, counsel for the plaintiffs notified the defendant that he intended "to use the statements of fact or opinion in the following named books or treatises: . . .. A Diabetic Manual for the Mutual Use of Doctor and Patient by Elliott P. Joslin, M.D., Sc.D., Seventh Edition, 1941." At the trial the plaintiffs offered in evidence certain statements from the book. It was agreed that Dr. Joslin was a recognized authority, and that the excerpts were relevant. The judge excluded them, saying, "The court is excluding the offer of proof solely on the ground that the court rules that in the written notice to the adverse party, as contemplated by § 79C, c. 233, of the General Laws, the court is of the opinion that there must appear in that written notice either the statement of fact or opinion which is to be used as evidence or at least reference to the page that contains the fact or opinion that is to be used."

The judge under the plain terms of the statute could have excluded the statements in his discretion, and ordinarily that would have ended the matter. He did not do that, however. See *Bressler* v. *Averbuck*, 322 Mass. 139, 143; *Marcoux* v. *Charroux*, 329 Mass. 687, 689. The evidence was excluded on the ground that the preliminary notice did not comply with the act. That ruling was not correct, because it imported into the statute language which is not there. Whatever may be thought of the policy of legislation which does not more closely advise the physician, or whoever it may be, as to the quotations to be used in evi-

dence, the actual statute which confronts us makes mandatory only the giving of the name of the writer and the title of the publication in which they appear.

The plaintiffs were entitled to try their case with the proffered statements in evidence unless excluded by the judge in his discretion. It would be unprofitable to discuss the direction of the verdicts for the defendant. The verdicts are set aside, and the case is to stand for trial.

*So ordered.*